IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL SPECIALTY UNDERWRITERS, INC., a Washington corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08CV2360 |
| v. | ) ) | |
| MATTHEW ANDERSON, an individual, and CRC INSURANCE SERVICES, INC., an Alabama corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S EMERGENCY RULE 65 MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, Plaintiff NATIONAL SPECIALTY UNDERWRITERS, INC. ("NSU" or the "Company"), by its undersigned attorneys, respectfully moves this Court for entry of a Temporary Restraining Order and Preliminary Injunction against Defendants MATTHEW ANDERSON ("Anderson") and CRC INSURANCE SERVICES, INC. ("CRC"). In support of its Motion, NSU states:

1. Anderson is a former employee of NSU and now works for CRC, a direct competitor of NSU. Since, and perhaps even before, his voluntary resignation from NSU, Anderson, on behalf of himself and at the direction of CRC, has successfully induced at least two NSU clients to terminate their relationships with NSU and move their business to CRC, and sought to obtain NSU confidential information and trade secrets (the "Confidential Information").

2. Anderson's and CRC's misconduct breaches Anderson's contractual obligations to NSU and otherwise violates Anderson's and CRC's statutory and common law obligations to NSU.

3. In further support of this Motion, NSU incorporates the allegations in its Verified Complaint for Injunctive and Other Relief, as well as the arguments contained in its Memorandum of Law in Support of Its Rule 65 Motion for Temporary Restraining Order and Preliminary Injunction.

4. NSU respectfully requests that this Court enter the attached Temporary Restraining Order.

5. NSU has made every effort to notify Defendants of this Motion.

WHEREFORE, NSU requests that this Court grant its Emergency Rule 65 Motion for Temporary Restraining Order and Preliminary Injunction, and enter the attached Temporary Restraining Order.

Dated:  April 28, 2008                    Respectfully submitted,

                                          **NATIONAL SPECIALTY
                                          UNDERWRITERS, INC.**


                                          By:     /s/ Chad W. Moeller
                                                  One of Its Attorneys


Chad W. Moeller
Eugene A. Boyle
NEAL GERBER & EISENBERG LLP
2 N. LaSalle St., Suite 2200
Chicago, Illinois 60602
(312) 269-8000

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **NATIONAL SPECIALTY UNDERWRITERS, INC., a Washington corporation,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.** |
| **v.** | ) ) ) | |
| **MATTHEW ANDERSON, an individual, and CRC INSURANCE SERVICES, INC., an Alabama corporation,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

**<u>TEMPORARY RESTRAINING ORDER</u>**

This cause coming to be heard on Plaintiff's Emergency Rule 65 Motion for Temporary Restraining Order and Preliminary Injunction, due notice having been given, and the Court having been advised in the premises, IT IS HEREBY ORDERED THAT:

1.     The purpose of this Temporary Restraining Order is to prevent further irreparable injury against Plaintiff by Defendants of the nature described to the Court by Plaintiff;

2.     The Court finds that Defendants have been properly notified of the proceedings and have been sent copies of the appropriate pleadings in this matter;

3.     The Court finds that Plaintiff has an ascertainable right in need of protection, including but not limited to, its confidential information and trade secrets, its right to maintain its client relationships, and its right to enforce the provisions of its contract with Defendant Anderson;

4.     The Court finds that Plaintiff has established a likelihood of success on the merits;

5.      The Court finds that without this Temporary Restraining Order, Plaintiff is likely to suffer irreparable harm, including in the form of the theft of its confidential information and trade secrets and the loss of its clients;

6.      The Court finds that Plaintiff does not have an adequate remedy at law;

7.      The Court finds that the balancing of the hardships to the parties favors Plaintiff;

8.      For a period of twenty-four (24) months following entry of this Order, Anderson and CRC are enjoined from directly or indirectly soliciting, or accepting the business of, any of NSU's clients to which NSU provided goods or services in the twenty-four (24) month period prior to the termination of Anderson's resignation from NSU;

9.      Anderson and CRC are enjoined from obtaining, seeking to obtain, misappropriating, or attempting to misappropriate, NSU's confidential information and trade secret information;

10.     Anderson and CRC must return to NSU all originals and copies of NSU's confidential information and trade secret information;

11.     NSU is entitled to its attorneys' fees and costs in having to bring this action, the amount of which will be determined by this Court at a later date;

12.     The parties may engage in discovery on an expedited basis.

13.     This matter is scheduled for a preliminary injunction hearing on _____, 2008 at __:___ __.m.

Judge: _____

Entered: April _____, 2008

- 4 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of the foregoing

Plaintiff's Emergency Rule 65 Motion for Temporary Restraining Order and Preliminary

Injunction on:

Edward F. McCormack
Nixon Peabody LLP
161 N. Clark Street
48th Floor
Chicago, Illinois 60601-3213
(Counsel for CRC Insurance Services, Inc.)

– and –

Matthew Anderson
1212 S. Michigan Avenue
Apartment 2910
Chicago, Illinois 60605

by messenger this 28th day of April 2008.

/s/ Chad W. Moeller
One of the Attorneys for Plaintiff National
Specialty Underwriters, Inc.

NGEDOCS: 1521338.1